Linda Hardy MAULDIN et al., Appellants,

v.

Thomas Estus HARDY, Appellee.

No. 13610.

Court of Civil Appeals of Texas.

San Antonio.

June 22, 1960.

Rehearing Denied July 20, 1960.

Odeneal & Odeneal, Dallas, for appellants.

J. P. Moseley, Dallas, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the Juvenile Court of Dallas County, Texas, by John T. French and his wife, Vianne French, seeking to have their granddaughter LeAnn Elizabeth Hardy, a baby girl less than two years old, declared a dependent and neglected child under the provisions of Articles 2330–2337, Vernon's Ann.Civ.Stats., and seeking a temporary injunction against their daughter, Linda Hardy Mauldin, the mother of the child, restraining her from interfering in any way with their custody and care of LeAnn. In their sworn petition, the plaintiffs stated that Linda Hardy Mauldin, the mother, was an unfit person to have the care and custody of her baby girl. The temporary injunction was

granted, and thereafter the father of the child, Thomas Estus Hardy, intervened in the suit and asked that he be given the custody and care of his child. Thereafter the grandparents dismissed the original cause of action and joined their daughter, Linda Hardy Mauldin, in asking that she be given the custody and care of her child, and, in the alternative, that they themselves be given such custody. Thomas Estus Hardy and Linda Hardy Mauldin had been husband and wife, and LeAnn, the child involved, was born of this marriage on November 15, 1957. The parents were divorced on April 23, 1958, and shortly thereafter Thomas Estus Hardy married his present wife, Charlotte Carol Hardy. In his intervention Thomas Estus Hardy asked that the custody of LeAnn be awarded to him and his present wife. The trial was to the court without the intervention of a jury and resulted in a judgment awarding the custody of LeAnn to her father and his present wife, from which judgment John T. French and Vianne French, and Linda Hardy Mauldin have prosecuted this appeal.

The trial court permitted the child to remain in the custody of the grandparents and the natural mother pending appeal, on their giving a supersedeas bond in the sum of $1,000.00.

The trial court made the following findings of fact:

"1.  That Thomas Estus Hardy, Intervener, and Linda Hardy Mauldin, Defendant, are the natural parents, father and mother, respectively, of the minor child, LeAnn Elizabeth Hardy.

"2.  That John T. French and wife, Vianne French, Plaintiffs, are the parents of Linda Hardy Mauldin and the grandparents of the minor child, LeAnn Elizabeth Hardy.

"3.  That the said Thomas Estus Hardy and Linda Hardy Mauldin were divorced by judgment of the Domestic Relations Court in Dallas County, Tex-

as, in cause No. 58–145–DR on April 23, 1958, and that by the terms of said Judgment the minor child, LeAnn Elizabeth Hardy, was awarded and the full custody and control of said minor child granted to Linda Hardy Mauldin and that also in said Judgment Thomas Estus Hardy was required to pay child support and that he has complied with the order of the Court and paid said child support.

"4.  That on April 23, 1958, the said Linda Hardy Mauldin was qualified and fit to have the care and custody of the minor child.

"5.  That since the date of April 23, 1958, material changes have occurred in relation to the care, custody and control of said minor child, to-wit; that the said Linda Hardy Mauldin has become disqualified and unfit to take care of said minor child and further that the said Thomas Estus Hardy has remarried since April 23, 1958, and to his present wife, Charlotte Carol Hardy.

"6.  The Court finds as a fact that Linda Hardy Mauldin is unfit and disqualified to have the care, custody and control of the same child and that such change of conditions have occurred since April 23, 1958, and that said changes are material.

"7.  That Thomas Estus Hardy and his present wife, Charlotte Carol Hardy, are both qualified and fit and proper persons to have the care, custody and control of said minor child.

"8.  That the best interest of said minor child, LeAnn Elizabeth Hardy, requires and demands that the custody of said child be changed from Linda Hardy Mauldin to Thomas Estus Hardy.

"9.  That the minor child, LeAnn Elizabeth Hardy, has lived in the home of John T. French and wife, Vianne French, Plaintiffs herein, since the di-

vorce decree except for a short period of time and that the child has received good care from the said John T. French and wife, Vianne French.

"10. That Thomas Estus Hardy and his wife, Charlotte Carol Hardy, are both fit and proper persons and are qualified to take care of the minor child and will do so and that the best interest of said minor child requires that her custody be changed from Linda Hardy Mauldin to Thomas Estus Hardy."

■ Appellants' first contention is that the court erred in finding that Linda Hardy Mauldin, the mother of LeAnn, was an unfit person to have the custody of her baby girl. We overrule this contention. The testimony of her own mother, Mrs. French, was to the effect that she had never cared for the baby; that she had not assumed the responsibility of a mother; that she had gone out on dates and stayed until after midnight, and sometimes all night. That when Mrs. French and her husband undertook to question her about such matters she would become enraged and use profanity towards them. That shortly after she was divorced from Thomas Estus Hardy she married Mr. Mauldin, but this marriage lasted only two months, and she came back to live with her parents and brought the baby with her. As heretofore stated, Mr. and Mrs. French had gone into the Juvenile Court and secured a temporary injunction against their own daughter restraining her from interfering in any way with the grandparents' care and custody of the child. Mrs. French further testified that her daughter's divorced husband, Thomas Estus Hardy, under orders of the court, had paid $10.00 a week for the support of the child, but that her daughter had spent only a small portion of this on the child and used the rest in some other way; that she was seen keeping company with a married man and was often seen driving his car about the city; that her daughter was not interested in taking care of the baby, or in getting a job and earning money to help support the child. The evidence supports the finding of the trial court that Linda Hardy Mauldin, the mother of the child, is an unfit person to be awarded her custody. Such finding was not against the preponderance of the evidence, nor was it against the great weight and overwhelming preponderance of the evidence.

■ The trial court was not in error in finding that conditions have changed since the divorce decree on April 23, 1958, in which decree the court awarded the custody of LeAnn to her mother, Linda Hardy Mauldin. The evidence shows that the mother was then a proper person to have the custody of her child, but her conduct since such time has been of a nature as to render her unfit to have the custody of LeAnn. At the time of the divorce, in April, 1958, the father, Thomas Estus Hardy, was not in a position to take the care and custody of the child, but since such divorce he has remarried and he and his present wife, as shown by the evidence, are proper persons to have the custody of the child and to furnish her a suitable home.

■ It is true that the evidence shows that the father had never lived with Mrs. Mauldin since the baby was born, and that at the very time that LeAnn was born he was purchasing the wedding ring to be given to his present wife, and that only a few days after the divorce he remarried. He had never visited the child, although under the provisions of the divorce decree he was given such privilege. He had seen the child only once, and that was at a distance. As his reason for not visiting the child, he stated that Mrs. Mauldin's mother and father and grandfather threatened him and he was afraid to go on their premises. The above conduct on the part of the father does not speak very well for him, but, nevertheless, the trial court, after hearing all the evidence, and seeing the witnesses, concluded that the best interest of LeAnn is that her custody be taken from her moth-

er and given to her father and his present wife, and from the entire record we can not say that this shows an abuse of discretion on the part of the trial court.

The judgment is affirmed.